**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willie James HARRELL, Defendant–
Appellant.**

No. 01–5906.

United States Court of Appeals,
Sixth Circuit.

Feb. 27, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

### ORDER

Willie James Harrell appeals his judgment of conviction and sentence entered on his plea of guilty to conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 812, and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Harrell to 87 months of imprisonment and four years of supervised release. On appeal, Harrell's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although believing the appeal to be without merit, counsel submits that the district court may

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

have erred by: 1) not determining whether Harrell's guilty plea was made knowingly, voluntarily, and intelligently; and 2) improperly sentencing Harrell. Harrell has not responded to counsel's motion to withdraw.

Upon review, we conclude that Harrell's first argument is meritless. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Harrell entered a valid guilty plea. At the plea hearing, the district court very carefully reviewed with Harrell the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the count of the indictment to which Harrell was pleading guilty, and Harrell acknowledged his guilt.

The district court properly accepted Harrell's guilty plea because the transcripts of the plea hearing and sentencing proceeding clearly establish that, under the totality of the circumstances, Harrell's plea was entered voluntarily, knowingly, and intelligently. *See Brady*, 397 U.S. at 749. In addition, a factual basis was established for the plea as required by Fed. R.Crim.P. 11(f). *See United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

Harrell's second argument is meritless. Harrell contends that the district court incorrectly applied the sentencing guidelines. The district court properly sentenced Harrell. Harrell had a total offense level of 27 and a criminal history category of III. The resulting sentencing range was 87–108 months. Harrell agreed in the parties' Rule 11 plea agreement that the applicable offense level was 27. The district court sentenced Harrell to 87 months of imprisonment—the lowest possible sentence within the applicable guideline range.

We have further examined the record in this case, including the transcripts of Harrell's guilty plea and the sentencing hearing, and conclude that no reversible error is apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.